PASSAIC CIRCUIT COURT.

JOS. MELIS and ANGELO ANTUZZI, trading at Melis & Antuzzi Company, plaintiffs,

*v.*

MAX GOLDSTEIN, builder and owner; SAMUEL EICHENBAUM, owner, et al., defendants.

[Decided March 10th, 1926.]

**Mechanics' Lien—Plaintiffs' Motion to Amend Lien Claim—Summons was Issued One Day After Time to Issue Summons Had Run—Motion Denied.**

On motion to amend lien claim.

Before Judge NEWMAN.

*Mr. Vincent J. Palerno,* for the plaintiffs.

*Messrs. Ward & McGinnis* and *Messrs. Weinberger & Weinberger,* for the defendants-mortgagees.

NEWMAN, J.

The lien claim in this case, as filed, stated that the labor was performed and materials furnished "between the 2d day of July, 1924, and the 12th day of September, 1924." It is settled in this state that a period of time defined as between two certain dates does not include either of the terminal dates. *Delaware, Lackawanna and Western Railroad Co.* v. *Mehrhof Brothers, 53 N. J. Law 205.* Therefore, under that declaration no labor or materials were furnished on September 12th, 1924.

Plaintiffs now move to amend the lien claim by making it read that the labor and materials were furnished "from about

the 2d day of July, 1923, to and including the 12th day of September, 1924."

Defendants concede the authority of the court to make certain amendments pursuant to section 19 of the Mechanics' Lien act, but resist this application for amendment on the ground that the lien had been discharged, and that an amendment which would operate to revive the claim cannot be made.

Section 31, paragraph 3 of the act, provides one method of the discharge of the lien "by the expiration of the time limited for issuing a summons on such lien claim without any summons being issued."

Section 18 provides that no debt shall be a lien  *  *  * unless a lien claim is filed within four months from the date the last work done or materials furnished for which such debt is due,  *  *  * nor shall any lien claim be enforced *  *  * unless the summons in the suit shall be issued within four months from the date of the last work done or materials furnished in such claim. Summons was issued January 12th, 1925.

As the lien now reads, the time to issue summons expired on January 11th, and perforce of the statute just quoted, when that date elapsed without the issuance of the summons the lien was discharged.

It is true that in the case at bar the period intervening between the expiration of the time for issuing of summons and the actual issuance thereof is but one day. But the principal involved is the same, and if the amendment could be made when the intervening period is but one day it could with equal propriety be made when such period was one month, and in the *interim* between those dates strangers to the litigation might acquire rights or interests in the property which would be cut off by a prosecution of the lien claim without an opportunity to be heard in defense of their rights. This procedure, for the same reason, has been condemned by our court of errors and appeals. *Wheeler* v. *Almond, 46 N. J. Law 161.*

For that reason the motion to amend must be denied. The case will be put in the week's call for the week of March 15th, at which time appropriate motions may be made by the mortgagees, which will doubtless dispose of the case so far as they are concerned, and will give the plaintiff an opportunity to test the soundness of these conclusions in an appellate court. This does not undertake to dispose of the claim as to the builder and owner.